■ JOHN MILLER et al., Appellants, v. A CLEANING CONTRACTORS, Defendant and Third-Party Plaintiff-Respondent. DEANS DISCOUNT LAND, INC., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated April 17, 1973, as, upon reconsideration, adhered to the original decision denying their motion for a general preference. Order reversed insofar as appealed from, with $20 costs and disbursements against defendant, A Cleaning Contractors, and motion for a general preference granted. The injured plaintiff sustained injuries to his left shoulder and elbow, including a fracture of the humerus. Uncontroverted medical data indicate a permanent 12½% loss of use of the left arm; and, in addition, a loss of earnings of $3,120 is claimed. In our opinion, the fiscal loss and the nature and extent of the disability and functional loss claimed could reasonably warrant an evaluation in excess of the monetary jurisdiction of the Civil Court of the City of New York (*Phillips* v. *Beechcraft Apts., Sect. No. 1 Corp.*, 36 A D 2d 729). Accordingly, a general preference should have been granted. Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ FLORENCE N. PADLON, Appellant, v. HAROLD F. HAWXHURST et al., Respondents-Appellants, and H. RUSSELL HAASE, as Assessor of the Town of Brookhaven, et al., Respondents.— In an action to determine claims to real property (Real Property Actions and Proceedings Law, art. 15), (1) plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County, dated December 13, 1972 and made after a nonjury trial, as is against her, including an adjudication that the nonmunicipal defendants have absolute title to certain property, and (2) the latter cross-appeal from the remainder of the judgment, i.e., so much thereof as dismissed their counterclaim for refund of taxes and purchase price. Judgment affirmed insofar as appealed from by plaintiff. Cross appeal dismissed as moot in the light of the determination herein on the appeal by plaintiff. A single bill of costs is awarded jointly to defendants appearing separately and filing separate briefs, against plaintiff. In view of our determination, we do not reach the question of the Statute of Limitations, which may well apply. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL KIDD, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, rendered February 18, 1972. Sentence reversed, on the law, and case remitted to the Criminal Term for resentencing. The sentencing court did not grant defendant an opportunity to be heard before sentencing as required by CPL 380.50. We must remit the case so that defendant may be resentenced after the sentencing court complies with this section (*People* v. *Rizzo*, 41 A D 2d 691; *People* v. *Gilliam*, 40 A D 2d 1036). Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.